

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00275-CV

_____

In the Interest of H.W. and B.W., Children

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 2013-30025-211

Dissenting Memorandum Opinion by Justice Wallach

**DISSENTING MEMORANDUM OPINION**

I respectfully dissent. I do not believe the order in question is ambiguous. When interpreting an agreed order, we interpret the order as a contract between the parties and apply the general rules of contract construction. *In re K.M.J.*, No. 02-09-00303-CV, 2011 WL 3525439, at *2 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.); *see also Miga v. Jensen*, 214 S.W.3d 81, 94 n.7 (Tex. App.—Fort Worth 2006) (Cayce, C.J., dissenting) ("The same rules governing the interpretation of contracts apply in construing court orders."), *aff'd*, 299 S.W.3d 98 (Tex. 2009). If we can give the agreement a definite legal meaning or interpretation, then it is not ambiguous, and we must construe it as written. *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (Tex. 1951). Nor is it ambiguous simply because the parties disagree over its meaning. *Dynegy Midstream Servs., Ltd. v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009). Rather, "[a] contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation." *RPC, Inc. v. CTMI, LLC*, 606 S.W.3d 469, 483–84 (Tex. App.—Fort Worth 2020, pet. denied) (quoting *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)).

As we recently noted,

> Courts have recognized that when parties use such "notwithstanding" language in a contract, "they contemplate the possibility that other parts of their contract may conflict with that paragraph, and they agree that this paragraph must be given effect regardless of the contrary provisions of the contract." *Helmerich & Payne Int'l Drilling Co. v. Swift Energy Co.*, 180 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see Parsley Minerals, LLC v. Flat Creek Ress.,*

2

*LLC*, No. 03-21-00337-CV, 2023 WL 2052315, at *7 (Tex. App.—Austin, Feb. 17, 2023, no pet.) (mem. op.) ("The purpose of such a clause is to ensure that the [relevant] provision controls over any other potentially conflicting provision of the contract.").

*LCP Hurst Precinct Line, LLC v. Tex. Taco Cabana, L.P.*, No. 02-23-00012-CV, 2024 WL 2200202, at *8 (Tex. App.—Fort Worth May 16, 2024, pet. denied) (mem. op.); *see also Ridgewood Timber, Inc. v. GMAC Com. Mortg. Corp.*, No. 05-99-00054-CV, 1999 WL 1140821, at *4 (Tex. App.—Dallas Dec. 14, 1999, no pet.) (not designated for publication); *N.M. Uranium, Inc., v. Moser,* 587 S.W.2d 809, 814 (Tex. App.—Corpus Christi 1979, writ ref'd n.r.e.).

Because Subsection (d) provides, "Notwithstanding the periods of possession of [Father] and [Mother] as ordered herein above," Subsection (d) prevails over Subsection (c) in its entirety, including the references to deviations from the Standard Possession Order contained in the Texas Family Code Sections 153.311 through 153.317, and there is no ambiguity. *See Ridgewood Timber, Inc.*, 1999 WL 1140821, at *4; *N.M. Uranium, Inc.*, 587 S.W.2d at 814. I would reverse the judgment of the trial court and remand the case for further proceedings.

/s/ Mike Wallach

Mike Wallach
Justice

Delivered:  May 1, 2025